Rozell Mc Williams

vs

George W. Soule

No. 8455

**8455**

Charles F. Claiborne, Judge.

Juhe 25th 1923 .

**8455**

Charles F.Claiborne,Judge.

Plaintiff claims compensation for services rendered
He bases his suit upon the following contract:

"For and in consideration of the sum of $1000 receipt
of which is hereby acknowledged,I,G.W.Soule a resident of Camp
Walton,Fla.hereby grant to Chester W.Brown,Winfield W.Gauche,
H.J.Ledoux,I.B.Rennyson and R.Mc Williams,the exclusive pri-
viledge of purchasing the property known as the old Jockey
Club property,situated on Esplanade Ave adjoining the St.Louis
Cemetery No.3 with following outside measurements,to-wit;
(then follows the description) together with all rights,ways
privileges,improvements,or advantages of said property,measu-
rements being more or less,for the summ and price of $65,000
cash to me,provided that on or before April 15th 1912 ,the parties
named shall make a deposit of $5500 to bind the sale,in which
event they will be allowed until April 28th 1912 to have title
examined and to take title to the property.I will pay R.Mc
Williams a commission of 2 1/2 % for effecting sale,when act
of sale is passed.In the event that sale is effected the $1000
named herein shall be considered as part of the purchase price
of the property,but,if the sale is not effected this amount is
forfeited to me without claim on the part of any one."

Signed March 12th 1912.

This suit was filed April 26th 1916

The plaintiff alleged:

" That by mutual agreement entered into between
the proposed purchasers,one of theirm number,to-wit I.B.Rennyson,
took title to the said property in his name,the said transfer
being made him by the said Soule on the 9th day of May 1912 at

77

the price as stipulated in said agreement, at which time the commission of 2 1/2 % due petitioner under said agreement was due and payable, but which said commission the said Soule failed and refused and still refuses to apy petitioner, notwithstanding amicable demand;

" That the said Soule is, as stated *a resident of the State of* Mississipi, and has been absent from the State ever since the passing of said act of sale by him to the said Rennyson, and petitioner, not desiring to submit his cause of action to the Courts of Mississipi, has refrained from filing said suit until the said Soule should be found within the jurisdiction of this Court".

The plaintiff claims $1625 with legal interest from May 9th 1912 .

The defendant filed an exception of non cause of action.

Thereupon the plaintiff filed a supplemental petition averring "that the transfer of the said property was made to the said I.Rennyson on the 9th day of May 1912 by act of sale passed before Felix J.Puig N.P. on that day, duly registered C.O. B.247 folio 445, the said Soule thereby agreeing by reason of the transfer so made by him to the said Rennyson, that the said transfer should be made to the said Rennyson, one of the signers of the offer to purchase said property, instead of all to all of those who had agreed to buy same, they all having agreed thereto, and the said property being transferred to the said Rennyson for the price agreed upon, but the said Soule consenting, as is shown by said act, that the same should be sold him upon different terms of credit".

Answering the original and supplemental petition the defendant admitted that the plaintiff was a real estate agent; he admitted that he had signed the contract sued on, but denied that the conditions of said contract were complied with on the part of the other parties thereto, or that the sale contemplated

178

by said contract was ever made;he further averred that the property was transferred to Rennyson on May 9th 1912 after the contract sued on had ceased to be in force,by the failure of the other parties to comply with its conditions,and by the expiration of the time limit stipulated in said contarct;that the transfer to Rennyson was an ontirely different transaction from that contemplated in the contract sued on·being on terms entirely different from those stipulated in said contarct,and was effected without any assistance from the plaintiff herein;that the plaintiff made no claim for a commission at the time of the transier to Rennyson or during the several days defendant remained in the City after the transfer to Rennyson;that the only reason defendant consented to allow plaintiff a commission ef-the-sare; was the cash consideration of the sale;that the only cash received in the transfer to Rennyson was Six Hundred dollars and the balance in notes payable at one,two,and three years, the whole of which were never paid,and a large portion of the property was retransferred to him.

The exception of no cause of action was overruled in May 1919 and judgment rendered for defendant on November·3rd 1921 .

The plaintiff has appealed.

It was admitted on the trial that the sale by Soule to Rennyson on May 9th 1912 was for $600 cash and the balance in notes payable in one,two,and three years.

Plaintiff testified that the five purchaser's named in the contract assigned their interest in it to Rennyson,and that he was active in getting the deal through.

Mr Rennyson testified that four gentlemen came to his office and offered to let him in on a syndicate to purchase. the property;he consented and put up $200;the plans of the syndicate did not materialize;the other members of the syndicate assigned their interest to him;subsequently Mr Longshore induced him to take the property over on a contract which he made with

Mr Soule to purchase the property for a given amount and to divide the profits; that was after the first deal had fallen through; it was a seperate transaction with which Mr Mc Williams had nothing to do; the second transaction was conducted by Soule Longshore and himself; he himself negotiated with Mr Soule .

Frank A. Longshore is a son in law of the defendant; the two deals had no connection with one another; he went to Rennyson's to get him to take over the property because the five members of the original syndicate could not comply with the contract and di not; Mc Williams rendered no assistance in effecting the sale by Soule to Rennyson.

The solution of this case rests in the answer to the question; was the sale to Rennyson an execution of the contract sued on? If it was, plaintiff is entitled to the commission promised by the contract; it it was not, then he is not entitled to a commission.

Under the evidence it is certain that the contract sued on was never consummated and that the sale to Rennyson was a seperate and distinct transaction for two reasons.

1. A compliance with that contract depended upon making a deposit of $5500 before April 15th 1912, and the title was to be passed on April 28th 1912 .Neither was done; the contract expired by limitation.

C.C.2045 (2040) " The dissolving condition is that which, when accomplished, operated the revocation of the obligation, placing matters in the same state as through the obligation had not existed".

C.C.2046(2041) A resolutory condition is implied in all commutative contracts, to take effect in case either of the parties do not comply with the his engagements and etc.

C.C.2047 (2042) xx when the resolutory condition is an event, not depending on the will of either party, the contract

is dissolved by right" and etc.

This contract was a promise of sale in the nature of an option.In the case of Jennings vs Houssiere 119 La 793 the Supreme Court said,on p.852 :"If he merely secured an option, then,by failing to make the fourth quarterly payment within the time fixed for the exercise of the option,he or his assigns, forfeited all rights under the contract,and there is an end of the matter 22 A 280 .It is clear that if I agree to be bound on the condition,or provided,you do a certain thing within a certain time,for example,if I agree that you shall have the exclusive right to exploit my lands for minerals,provided you begin operations within six months,or pay me in advance of the expiration of the six months $50 for a prolongation of the terms, and you fail to do the thing thus stipulated to be done,I am not bound xxx.It would seem to be a plain proposition that if I agree to lease you my house on condition that you pay me the rent in advance,and you fail to do so,I am under no obligations to you.An option must be exercised within the time limit,on the right will be lost".quoting numerous authorities.

When a broker fails to make a sale within the time specified in his contract,his rights come to an end,and he is not entitled to any commission. 9 C.J.587 No.13 19 CYC 240 .

II The plaintiff and three of his associates had abandoned the contract and had transferred all their rights thereunder to Rennyson.Rennyson afterwards entered into new negotiations with Soule and purchased the property from him under new terms of sale far less advantageous to Soule,$600 cash in a price of $65,000,taking the chances of payment which was not made infull.The sale was not made on the terms stipulated in the contract sued on,nor to the same parties,in other words it was not made to plaintiff and he is therefore not entitled to the commission stipulated in the contract.

A broker is not entitled to a commission when the

owner effects a sale with a purchaser originally procured by the broker after the negotiations with the broker have come to an end.In Ford vs Shaffer 143 La 635 the Supreme Court said on p.636 :

"The theory of the plaintiff's suit seems to be that he had vested interest in any sale that might be made to the man whom he introduced as a prospective purchaser.The doctrine which the Court has recognized to the contrary is that a broke who has failed in an attempt to effect a sale is not entitled to a broker's commission on a sale made afterwards by the principal to the person to whom the broker tried and failed to sell the property.132 La 817-134 La 847 .

" If a broker attempts unsuccessfully to effect a sale of lands,and his proposed purchaser abandons the idea of buying,but he is afterwards induced to do so the by the principal or by another person,without being in any way influenced by the broker,the latter is not entitled to any commission".
Lewis vs Manson 132 La 817- Sec 9 C.J.p.602 S 89- See also 4 Ruling Case Law 305 -21 L.R.A.N.S.328 .

Judgment affirmed.

June 25 th 1923 .